UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
STEVEN WASHINGTON,

                            Plaintiff,

-against-

UNITED STATES OF AMERICA,

                            Defendant.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**

13-CV-360 (SLT)

**TOWNES, United States District Judge:**

Pro se petitioner Steven Washington ("Washington") moves this Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The United States of America filed its opposition on October 3, 2013, (ECF No. 12), and Washington filed his reply on October 21, 2013, (ECF No. 14). Because Washington proceeds pro se, the Court must liberally construe his submissions and read them "'to raise the strongest arguments that they suggest.'" *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)). For the reasons set forth below, Washington's petition is denied.

## BACKGROUND

Washington pleaded guilty to one count of conspiracy to commit bank fraud (18 U.S.C. § 1349) on November 3, 2010, and was sentenced to a term of incarceration of 55 months on January 13, 2012. The Plea Agreement stated, in pertinent part, that:

> The defendant will not file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 78 months or below. This waiver is binding without regard to the sentencing analysis used by the Court.

(Plea Agreement, Paragraph 4, ECF No. 12-2.)

At the plea proceeding, the Court specifically advised Washington about the appellate waiver provision, and Washington affirmed that he understood it:

> The Court: If your prison sentence from Judge Townes is 78 months long or less, you will have no right to take any appeal from any aspect of this case.
>
> Even if Judge Townes sentences you to prison for longer than 78 months, you would not be entitled to raise a legal challenge to your conviction but only to your sentence. Is that clear?
>
> Defendant: Yes.

(Plea Tr. 21, ECF No. 12-1.) The Court also asked Washington about defense counsel's representation:

> The Court: Are you satisfied to have Mr. Saluti be the attorney defending you in this case?
>
> Defendant: Yes.

(*Id.* at 10.) At sentencing, the Court again noted the appellate waiver provision:

> The Court: In addition, from reading the transcript, it appears that as a part of the plea agreement, Mr. Washington waived his right to appeal if the Court imposed a sentence of imprisonment of 78 months or less. That happened in this case. It is my practice, even though the defendants waive appeal, to inform him that if he wishes to appeal, he must file a notice with the Court within ten days from today. That is not an indication that I'm saying he did not waive appeal, but just under the law, you lose your rights after ten days.

(Sentencing Tr. 19–20, ECF No. 12-3.) Washington did not file a notice of appeal.

## DISCUSSION

In his petition, Washington argues that the Court erred by applying a 12-level enhancement for an intended loss amount of more than $200,000 pursuant to United States Sentencing Guidelines (the "Guidelines") § 2B1.1(b)(1)(G). (Pet. 7, ECF No. 1.) Washington also argues that he received ineffective assistance of counsel. In support of his ineffective assistance claim, Washington points to counsel's failure to file a direct appeal and counsel's failure to object to the 12-level enhancement for loss amount. (*Id.* at 3–4.)

### *The appeal waiver bars Washington's claims*

"A defendant's knowing and voluntary waiver of his right to appeal a conviction and sentence within an agreed upon guideline range is enforceable." *United States v. Pearson*, 570 F.3d 480, 485 (2d Cir. 2009) (per curiam) (citing *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (per curiam)). "In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993).

Here, the plea transcript demonstrates that Washington's plea and appeal waiver were knowing and voluntary. Washington clearly and unequivocally waived his right to "appeal or otherwise challenge [his conviction or sentence], by petition pursuant to 28 U.S.C. § 2255 or any other provision . . ." (Plea Agreement, Paragraph 4, ECF No. 12-2.) The Court specifically confirmed Washington understood this provision before accepting his plea. Because Washington received a sentence below the range set out in the Plea Agreement, his claims are barred.

Furthermore, Washington's claim that the Court erred by applying the 12-level enhancement for loss amount is also procedurally barred because it was not raised on direct appeal. *See Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007) ("In general, a claim may not be presented in a habeas petition where the petitioner failed to properly raise the claim on direct review."). This bar may be overcome where the petitioner establishes either: "(1) 'cause' for the failure to bring a direct appeal and 'actual prejudice' from the alleged violations; or (2) 'actual innocence.'" *Id.* (citation omitted). Washington has established neither cause nor actual innocence.

Washington attempts to circumvent the plain language of his waiver agreement by arguing that counsel failed to challenge the 12-level enhancement for loss amount at sentencing. The Second Circuit rejected a similar attempt in *United States v. Djelevic*, noting that "[i]f we were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless." 161 F.3d 104, 107 (2d Cir. 1998). The Second Circuit has recognized that "the waiver provision is a very important part of the agreement—the Government's motivating purpose, decreased effort and expense of protracted litigation, is not well-met if the defendant is permitted to appeal that to which he has agreed." *United States v. Rosa*, 123 F.3d 94, 97 (2d Cir. 1997).

### *Washington has not established ineffective assistance of counsel*

Moreover, Washington has not established counsel's ineffectiveness. Courts evaluate claims of ineffective assistance of counsel under the two-prong test set out by the Supreme Court in *Strickland v. Washington*. Under this test, a defendant claiming ineffective assistance of counsel must show: (1) "that counsel's representation fell below an objective standard of

reasonableness" and (2) that counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687–88, 692 (1984).

In *Strickland*, the Supreme Court explained that "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* For "[t]here are countless ways to provide effective assistance in any given case," and "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Id.* To meet *Strickland*'s second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" requires "a probability sufficient to undermine confidence in the outcome." *Id.*

At sentencing, this Court applied a 12-level enhancement based on an intended loss amount of $359,910.59. Because the actual loss amounted to $41,906.70, an amount that carries a 6-level enhancement, Washington contends that defense counsel's failure to challenge this 12-level enhancement fell below an objective standard of reasonableness. However, the Guidelines instruct that "loss is the greater of actual loss or intended loss." U.S.S.G. § 2B1.1 cmt. n3(A). The Guidelines commentary "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993). Defense counsel's decision not to object therefore does not qualify as ineffective assistance. *See United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995) ("[T]he failure to make a meritless argument does not rise to the level of ineffective assistance.").

Further, defense counsel did not simply ignore the difference between the intended and actual loss amounts. During sentencing, for example, defense counsel argued that this Court should consider the large difference between the actual and intended loss amounts in passing sentence. Defense counsel argued that the intended loss amount "creat[ed] an offense level for [Washington] that doesn't basically fairly and accurately reflect what his sentence should be." (Sentencing Tr. 5, ECF No. 12-3.) Defense counsel argued further:

> Mr. Saluti: I just want this Court when you're fashioning your sentence, Judge, when you're thinking about a sentence that's not longer than necessary, that's going to be rehabilitative in nature to a certain extent, I think the Guideline range that he's exposed to based upon the behavior in the case -- and now Mr. Brownell who has put to the Court that it's really an actual loss, not in my client's pocket, but an actual loss to the particular banks in question of around 41- or $42,000, that clearly, Judge, is askew from that big 12-point enhancement that comes from being involved in an intended loss of $359,000.
> So when you're administering your sentence in this case, Judge, I would simply ask that you take that into account . . .

(*Id.* at 9–10.) Defense counsel's sentencing memorandum also requested that "Washington be sentenced proportionally to what the true loss was and to what his actual role in the fraudulent scheme [was]." (Opp'n Mem Ex. F, ECF No. 12-5.)

Washington also claims ineffectiveness on the basis of counsel's failure to appeal. In such cases, the Supreme Court has held that "a lawyer who disregards specific instructions from

the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citation omitted). "A defendant who establishes that his attorney failed to file a direct appeal despite being instructed to do so is entitled to a finding that his attorney rendered professionally unreasonable assistance, a conclusive presumption of prejudice, and an opportunity to file a direct appeal." *Wood v. United States*, No. 08-CR-92A, 2011 WL 294481, at *1 (W.D.N.Y. Jan. 27, 2011) (citing *Flores-Ortega*, 528 U.S. at 477, 483–84). The presumption of prejudice applies even if the defendant has signed a plea agreement waiving the right to appeal. *Campusano v. United States*, 442 F.3d 770, 771–72 (2d Cir. 2006). But "[a]t the other end of the spectrum, a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Flores-Ortega*, 528 U.S. at 477 (emphasis in original) (citation omitted).

Here, Washington states that he instructed counsel to file an appeal. (Pet. 3, ECF No. 1.) The government's response includes an affidavit from Washington's counsel, Gerald Saluti, Esq. ("Saluti"), wherein Saluti affirms that "[a]t no point during [his] representation of Mr. Washington was [he] asked, requested, solicited, or paid to bring an appeal of the criminal matter." (Opp'n Mem. Ex. E, ECF No. 12-4.) The affidavit further states that Saluti "explained to [Washington] that if he entered into the plea agreement, containing the appeal waiver section, and was thereafter sentenced in accordance with the terms of the written plea agreement, that [Washington] would be waiving his right to appeal any component of his sentence which fell within or was lower than the sentencing range for imprisonment." (*Id.*)

"Although the district court is required to engage in fact-finding to determine if an appeal was requested, *Campusano* specifically recognizes that 'the district court has discretion to determine if a testimonial hearing will be conducted' in order to make this finding." *Lopez v.*

*United States*, No. 03 CR. 317(SWK), 2006 WL 2020389, at *3 (S.D.N.Y. July 12, 2006) (quoting *Campusano*, 442 F.3d at 776). This Court presided over Washington's sentencing and has carefully reviewed the transcripts of the plea and sentencing proceedings, Washington's submissions, and defense counsel's affidavit. A testimonial hearing "would add little or nothing to the written submissions." *See Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001). Like in *Chang*, Petitioner's claim is based "solely on his own highly self-serving and improbable assertions." *See id.* Defense counsel's affidavit and the circumstances of this case belie Washington's assertion that he requested defense counsel to file an appeal. Because Washington has not demonstrated that defense counsel ignored his request to appeal, the *Flores-Ortega* rule does not apply.

Nonetheless, defense counsel may have a constitutionally imposed duty to consult with a defendant about whether he wants to file an appeal if "there is reason to think either (1) that a rational defendant would want to appeal . . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. A court must consider certain relevant factors in determining whether a rational defendant would want to appeal or whether the defendant reasonably demonstrated an interest in appealing, "including whether the conviction followed a trial or a guilty plea, whether the defendant received the sentence bargained for as part of a plea, and whether the plea expressly reserved or waived some or all appeal rights." *Padin v. United States*, 521 F. App'x 36, 38 (2d Cir. 2013) (citation omitted). Here, Washington pleaded guilty, received a sentence below the agreed-to Guidelines range, and waived his right to appeal a sentence of imprisonment within or below that range. The Court thus finds that defense counsel did not render constitutionally defective assistance by not filing an appeal. *See Padin*, 521 F. App'x at 38.

*Additional arguments*

Washington raises additional arguments for the first time in his reply. He claims defense counsel, Saluti, was disorganized and wrongly believed the actual loss amount to be $359,910.59 until midway through sentencing and was thus ineffective. Washington also claims Saluti failed to object to the 3-level "manager or supervisor" enhancement. Finally, Washington argues that the 12-level enhancement "over punishes" him. The Court need not consider arguments raised for the first time in a reply. *See e.g., Bradley v. Burge*, No. 06 CIV. 0040(JGK), 2007 WL 1225550, at *7 (S.D.N.Y. Apr. 19, 2007) ("[B]ecause the petitioner did not raise the argument in his initial petition and, therefore, denied the respondent an opportunity to respond to the claim, it is not a basis for relief."). And as described above, Washington waived the right to appeal his sentence. In any case, these arguments lack merit.

As discussed above, the Guidelines mandate the use of the greater of actual or intended loss. Further, Saluti argued that the Court should consider the great difference between the actual and intended loss amounts in sentencing. Washington cannot meet his burden under *Strickland*. Nor does Washington's claim regarding the "manager or supervisor" enhancement meet that burden. The Guidelines require a 3-level enhancement if the defendant "was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1. "A defendant may be found to have been a manager or supervisor if he recruited and paid others to participate in the criminal enterprise." *United States v. Jean*, 29 F. App'x 652, 654 (2d Cir. 2002) (citation omitted). Washington admitted to acting as a recruiter in the bank fraud scheme, (Plea Tr. 23, ECF No. 12-1), and his reply provides no argument why this enhancement qualifies as objectionable.

Notably, the Plea Agreement's estimated sentencing calculation included the 3-level "manager or supervisor" enhancement.

Finally, the Court notes a letter Washington filed in his criminal case after filing the instant petition. *See USA v. Washington*, 1:10-cr-00081(SLT)(SMG), ECF No. 43. This letter again argues that Washington should only be subject to a 6-level enhancement for the actual loss amount of $41,906.70 rather than the 12-level enhancement based on the intended loss of $359,910.59. For the reasons discussed above, this supplemental submission lacks merit.

## CONCLUSION

Accordingly, Washington's § 2255 petition is denied. Washington's motion for appointment of counsel (ECF No. 13) is denied because he has not raised any substantial question that warrants appointment of counsel. A certificate of appealability shall not be issued because Washington has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: December 29, 2014
Brooklyn, New York